UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAMZA MOHAMED AL-KASHIF,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No. 1:26-cv-02594-DAD-CKD

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT

(Doc. Nos. 1, 5)

On April 6, 2026, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  Therein, petitioner requests that the court order his immediate release, enjoin his removal to a third country absent certain procedural protections,[1] enjoin his re-detention absent a hearing before a neutral adjudicator, and award him attorney's fees. (Doc. No. 1 at 32–33.)  On April 7, 2026, petitioner filed a motion for temporary restraining order requesting substantially similar relief. (Doc. No. 5.)

/////

---

[1] Respondents have not objected to petitioner's request for an order enjoining his removal to a third country absent constitutionally compliant procedures. (*See* Doc. No. 10.)

1

On April 8, 2026, the court set a briefing schedule on petitioner's motion for temporary restraining order and directed respondents to substantively address whether any provision of law or fact in this case would distinguish it from the situation addressed in this court's decision in *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778 (E.D. Cal. Aug. 20, 2025), and other similar cases previously decided by this court.  (Doc. No. 8.)

On April 9, 2026, respondents filed a combined opposition to petitioner's motion for temporary restraining and answer to the habeas petition.  (Doc. No. 10.)  Therein, respondents state that they do not oppose the court converting the motion for temporary restraining order into a motion for preliminary injunction and they are amenable to the court ruling on the underlying habeas petition based on the present briefing.  (Doc. No. 10 at 1.)  Respondents have not requested a hearing.  (*Id.*)  Respondents decline to concede that this case is not factually distinguishable from the circumstances addressed in the court's prior order in *Yang*, yet they admit that they do not have any new arguments that the court "did not already address and reject in *Yang*."  (*Id.* at 1–2.)

Here, the parties agree that petitioner was born in Kuwait[2] and entered the United States on September 5, 1982 with an F-1 student visa.  (Doc. Nos. 1 at ¶ 19; 10 at 1.)  Petitioner was ordered removed on July 18, 2007, and his removal order became final on December 12, 2007, when the Board of Immigration Appeals ("BIA") denied petitioner's appeal.  (Doc. No. 1 at ¶ 20; 10 at 2.)  Respondents assert that petitioner was ordered removed to Kuwait, with Egypt as an alternative.  (Doc. No. 10-2 at 3.)  Petitioner was released from ICE detention on July 3, 2008. (*Id.*)  Petitioner was re-detained by ICE on July 7, 2025.  (Doc. No. 1 at ¶ 22; 10 at 2.)  On January 22, 2026, over six months after petitioner was re-detained, ICE requested that Egypt issue travel documents for petitioner within seven days of their request.  (Doc. No. 10-4 at 1.) Respondents have not provided any evidence suggesting that travel documents have been issued for petitioner's removal to Egypt or that they received any response to their request that such

---

[2]  Petitioner states he was born to Palestinian parents and is thus stateless and does not hold citizenship in Kuwait (Doc. No. 1 at ¶ 18) while respondents state petitioner is a citizen of Kuwait (Doc. No. 10 at 1).

travel documents be issued, despite continuing to hold petitioner in detention two and a half months after that purported request was made.

Petitioner alleges that his release was revoked on July 7, 2025 at a routine ICE check-in and that he was not provided notice of the reason for his re-detention or an opportunity to contest the reasons for the revocation of his release. (Doc. No. 1 at ¶ 23.) Respondents state in their opposition that they dispute "all the allegations in Petitioner's pleadings except what is undisputed." (Doc. No. 10 at 1.) However, respondents have not provided any contrary evidence to suggest that petitioner was provided notice or an opportunity to be heard regarding the revocation of his release. Further, respondents do not provide any argument or evidence to suggest there was any lawful justification for petitioner's re-detention on July 7, 2025. Rather, respondents state merely that they are seeking to remove petitioner to Kuwait or Egypt and have not foreclosed third-country removal, yet they admit they have not received travel documents from any country. (Doc. No. 10 at 2.) Further, respondents do not suggest that they had any indication specific to petitioner that they would suddenly be able to execute his 18-year-old removal order when they re-detained him nine months ago.

The court incorporates its reasoning in *Yang*, 2025 WL 2791778, at *4–7, and finds that petitioner has demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future and that respondents have failed to rebut this showing. *See Zadvydas v. Davis*, 533 U.S. 678, 700–701 (2001) ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.").

Respondents argue that the proper remedy is not petitioner's immediate release but rather a bond hearing due to petitioner's criminal history[3] and their efforts to secure travel documents

---

[3] Based on the criminal history report provided to the court by respondents, petitioner's only contact with law enforcement since his previous release from immigration detention in 2008 is a single arrest in 2014 that did not result in criminal charges being filed. (Doc. No. 10-3 at 18.)

3

for petitioner.  (Doc. No. 10 at 2.)  Petitioner has been held in immigration detention for nine months, apparently so respondents may swiftly execute his removal, without any real prospect of his removal.  The only evidence of "efforts" to secure travel documents for petitioner is a single letter that was not sent until six months after petitioner's re-detention.  Over two months later, petitioner is no closer to removal.  To suggest that any remedy other than immediate release is appropriate under these circumstances appears to be frivolous.  *See Zadvydas*, 533 U.S. at 701 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.").

Respondents further request that if the court orders release, the court not enjoin respondents from re-detaining petitioner absent a pre-deprivation hearing if they are able to obtain travel documents for petitioner.  (Doc. No. 10 at 3.)  The court incorporates here its reasoning in *Yang*, 2025 WL 2791778, at *7–10, and finds that a pre-deprivation hearing remains appropriate under these circumstances.

For the reasons explained above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner Hamza Mohamed Al-Kashif, A-File No. 024-891-966, from respondents' custody on the same conditions he was subject to immediately prior to his re-detention on July 7, 2025;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

    c.    Respondents and their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them are PROHIBITED from removing petitioner to a third country without notice and a meaningful opportunity to be heard, following the process described by the district

/////

court in *D.V.D. v. United States Dep't of Homeland Sec.*, No. 25-cv-10676-BEM, 2025 WL 1453640 (D. Mass. May 21, 2025);

    d.    Petitioner's request for attorney's fees is DENIED without prejudice to bringing a properly noticed and supported motion;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 5) is hereby DENIED as having been rendered moot in light of this order granting habeas relief;

3.    The Clerk of the Court is directed to serve this order on the California City Detention Facility; and

4.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 10, 2026**

         DALE A. DROZD
UNITED STATES DISTRICT JUDGE